**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN M. LAUER, on behalf of himself and all other individuals similarly situated, | : : : : | |
| | | CASE NO.: 2:23-cv-02796 |
| Plaintiffs, | : : | JUDGE: _____ |
| v. | : : | |
| T2 FINANCIAL, LLC *dba* REVOLUTION MORTGAGE | : | **JURY DEMANDED** |
| | : : : | |
| Defendant. | : | |

**29 U.S.C. § 216(b) AND CLASS ACTION COMPLAINT**

This is an action brought by Kevin M. Lauer ("Named Plaintiff") against T2 Financial, LLC *dba* Revolution Mortgage ("Defendant") to recover compensation, liquidated damages, treble damages, attorneys' fees and costs, and other equitable relief pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. § 201 et seq.

Plaintiff brings the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 *et seq.*, (the "Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be collectively referred to as the "Ohio Acts") and O.R.C. § 2307.60 claims as to recover compensation, liquidated damages, compensatory damages, punitive damages, attorneys' fees and costs, and other equitable relief.

The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made upon information and belief as to the acts of others.

## I.  JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to federal question jurisdiction under 28 U.S.C. § 1331, in that this case arises under a federal law of the United States.

2.      This Court has supplemental jurisdiction over Named Plaintiff's Ohio Acts claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Named Plaintiff's claims under the FLSA that they form part of the same controversy.

3.      This Court has supplemental jurisdiction over Named Plaintiff's breach of contract agreement and unjust enrichment claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Named Plaintiff's claims under the FLSA that they form part of the same controversy.

4.      Venue in the Southern District of Ohio is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the unlawful conduct described herein occurred at Defendant's headquarters is within Delaware County, Ohio.

## II.  THE PARTIES

5.      Named Plaintiff is an adult resident of Reynoldsburg, Ohio residing at 1108 Bergenia Drive, Reynoldsburg, Ohio 43068 and was formerly employed by Defendant as a Commissioned Loan Officer from approximately July 1, 2021 to February 6, 2023. His consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached hereto as **Exhibit A**.

6.      Defendant is a domestic for-profit limited liability company licensed to do business in Ohio and currently doing business at 480 Olde Worthington Road, Suite 300, Westerville, Ohio 43082. Process may be served upon its Registered Agent, Incorp Services, Inc., 9435 Waterstone Blvd., Suite 140, Cincinnati, OH 45249.

7.      Defendant also has operations outside of the state of Ohio.

### III.    STATEMENT OF FACTS

8.    During all times material to this Complaint, Defendant was an "employer" within the meaning of the FLSA and the Ohio Acts.

9.    During all times material to this Complaint, Defendant employed Named Plaintiff, and, upon information and belief, those similarly situated to him,  within the meaning of the FLSA and the Ohio Acts.

10.    During all times material to this Complaint, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

11.    At all times relevant to this Complaint, Defendant was a financial institution lacking a retail concept as part of their business involved direct lending to its customers.

12.    During all times material to this Complaint, Named Plaintiff and, upon information and belief, those similarly situated to him in Ohio,  were Defendant's employees pursuant to the Ohio Acts.

13.    Defendant was founded in Columbus, Ohio but has brick and mortar branches nationwide and a digital lending platform for online lending.

14.    During all times material to this Complaint, Defendant hired the Named Plaintiff, and, upon information and belief, those similarly situated to him, as Commission Loan Officers with the expectation that they originate mortgage loan applications for the exclusive benefit of the Defendant and to assist the Defendant to sell and fund mortgage loans.

15.     At all times material to this Complaint, Defendant did not pay Named Plaintiff, and, upon to information and belief, those similarly situated to him, at least $684.00 per week on a salary basis.

16.     At all times material to this Complaint, Defendant paid Named Plaintiff, and, upon information and belief, those similarly situated to him, based on its companywide policy, a guaranteed draw against commissions of $866.67 on the 15th and the 31st of each month; however, the draw was recoverable to be repaid from future commissions.

17.     At all times material to this Complaint, Defendant paid Named Plaintiff, and, upon information and belief, those similarly situated to him, based on its companywide policy, additional compensation in the form of non-discretionary Referral Bonuses and Branch Production Bonuses.

18.     At all times material to this Complaint, Defendant paid Named Plaintiff, and, upon information and belief, those similarly situated to him, based on its companywide policy, 100% based on commissions contingent upon their loan origination production; however, those commissions were subject to recapture.

19.     At all times material to this Complaint, Defendant had Named Plaintiff and, upon information and belief, those similarly situated to him, based on its companywide policy, sign and conditioned his employment upon his executing the Revolution Mortgage Employment Agreement ("Employment Agreement") attached as **Exhibit B**.

20.     During all times material to the Complaint, Named Plaintiff's and, upon information and belief, those similarly situated to him, based on its companywide policy, primary duties were to sell and fund mortgage loans which consisted of explaining the loan process to Defendant's borrowers; assisting with pre-qualifying the Defendant's borrower; explaining Defendant's various loan programs to Defendant's borrowers; and assisting in the Defendant's borrower's application and disclosure process.

4

21.     At all times material to this Complaint, Named Plaintiff's and, upon information and belief, those similarly situated to him, based on its companywide policy, job duties did not include being customarily and regularly engaged away from Defendant's places of business; Plaintiff performed his primary duties and tasks incident to his primary duties at Defendant's branch office(s) and/or his home.

22.     Named Plaintiff was a mortgage loan officer at the Grandview, Ohio branch.

23.     Named Plaintiff and, upon information and belief, those similarly situated to him, typically worked 70 to 80 hours per week.

24.     During all times relevant to this Complaint, Named Plaintiff's and, upon information and belief, those similarly situated to him,  based on its companywide policy, primary duties did not include managing Defendant's enterprise, or managing a customarily recognized department or subdivision of Defendant's enterprise.

25.     During all times relevant to this Complaint, Named Plaintiff and, upon information and belief, those similarly situated to him, based on its companywide policy, did not customarily and regularly direct the work of at least two or more other full-time employees.

26.     During all times relevant to this Complaint, Named Plaintiff's and, upon information and belief, those similarly situated to him,  based on its companywide policy, primary duties did not include the authority to hire and fire, or that the employee's suggestions on hiring and firing are given particular weight.

27.     In October of 2022, Plaintiff was transferred to the Knoxville branch.

28.     On or about December 3, 2022 Named Plaintiff emailed Branch Production Manager, Tami Goodman about his being shorted on his commissions over the past serval months.

29.     Upon information and belief, Defendant willfully did not pay Named Plaintiff a total of $45,000.00 in commissions.

30.     Named Plaintiff received a call from Defendant's Director of Sales, Joe Frank, in response to the December 3, 2022 email where he was told the commission shortage would be rectified.

31.     On or about February 3, 2023, Named Plaintiff was told that the shortages in his commission were due to the underperformance of the branch as a whole and that the branch lost over $200,000.00.

32.     Defendant's Director of Sales, Joe Frank, told Named Plaintiff on or about February 3, 2022 that despite the shortage being the Branch Manager's fault, according to his Employment Agreement they were not going to pay Named Plaintiff his $45,000 in commissions.

33.     Named Plaintiff's discussion with Tony Grothouse was an exercise of his right to communicate about his wages and to question how he was paid that is protected by the FLSA and the Ohio Wage Act.

34.     On or about February 6, 2023, as a direct result of Named Plaintiff exercising his right to communicate about his wages and to question how he was paid he was locked out of his computer and wrongfully terminated.

35.     Named Plaintiff wrote the Defendant for a copy of the record of the hours worked each week via certified mail on April 13, 2023, to which the Defendant never responded.

36.     As of the filing of this Complaint, Named Plaintiff and, upon information and belief, those similarly situated to him, have not been paid all the wages he earned while working for Defendant, and those unpaid wages have gone unpaid for more than thirty (30) days.

37.     Because Named Plaintiff and those similarly situated to him, were non-exempt employee pursuant to the FLSA and those similarly situated to him in Ohio, were non-exempt employee pursuant to the Ohio Wage Act, Defendant was obligated to pay him at a rate of 150% of his regular rate for all hours worked over forty (40) in a workweek.

38.     Defendant based on its companywide policy, willfully failed to pay Named Plaintiff's, and, upon information and belief, those similarly situated to him, commissions "free and clear" in violation of the FLSA and the Ohio Wage Act.

39.     By not paying Named Plaintiff and those similarly situated to him a rate of 150% of their regular rate for all hours worked over forty (40) in a workweek, Defendant willfully violated federal and state wage laws.

## IV.    CAUSES OF ACTION

### COURT SUPERVISED NOTICE PURSUANT TO 29 USC § 216(b) ALLEGING FLSA VIOLATIONS

### A.  FLSA COVERAGE

40.     Named Plaintiff re-alleges, and incorporate by reference, the allegations set forth in the preceding paragraphs.

41.     Named Plaintiff requests that the Court issue Court Supervised Notice to the following group of nationwide current and former employees defined as:

> **All Commissioned Loan Officers who have been employed by T2 Financial, LLC *dba* Revolution Mortgage at any time within the period of three (3) years preceding the filing of Plaintiff's Motion for Court Supervised Notice through the date of judgment.** ("Employees Entitled to Notice" or "Employees Entitled to Notice Group Members")

42.     Named Plaintiff reserves the right to amend and refine the definition of the Employees Entitled to Notice Group Members they seek to have the Court serve notice based upon further investigation and discovery.

43.     At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 203(r) of the FLSA, 29 U.S.C. § 203(r).

44.     At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce

or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

45.    During the respective period of the Named Plaintiff and the Employees Entitled to Notices' employment by Defendant, these individuals have provided services for Defendant that involved interstate commerce for purposes of the FLSA.

46.    In performing the operations hereinabove described Named Plaintiff and the Employees Entitled to Notice have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

47.    Specifically, Named Plaintiff and the Employees Entitled to Notice are (or were) non-exempt employees of Defendant who assisted clients, wherever they were from. 29 U.S.C. § 203(j).

48.    At all times hereinafter mentioned, Named Plaintiff and the Employees Entitled to Notice are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

49.    The precise size and identity of the proposed Employees Entitled to Notice Group Members should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendant.

50.    Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to the Employees Entitled to Notice is appropriate because there exists at least a strong showing that they are similarly situated to the Named Plaintiff.

51.     Sending Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to the Employees Entitled to Notice is appropriate because they have been subjected to the common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendant satisfied the FLSA's requirements for payment of the statutory minimum wages.

52.     Named Plaintiff and the Employees Entitled to Notice, having willfully been not paid at least the federal minimum wage for work they performed pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

53.     The Named Plaintiff and the Employees Entitled to Notice have been similarly affected by the violations of Defendant in workweeks during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all earned federal minimum wages.

54.     Named Plaintiff seeks to have the Court send supervised notice pursuant to 29 U.S.C. § 216(b), as defined above, to the proposed group of similarly situated current and former employees, i.e., Employees Entitled to Notice.

55.     Named Plaintiff is similarly situated to the Employees Entitled to Notice and will prosecute this action vigorously on their behalf.

56.     Named Plaintiff intends to send notice to all the Employees Entitled to Notice pursuant to Section 216(b) of the FLSA. The names and addresses of the Employees Entitled to Notice are available from Defendant's records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the FLSA.

57.     Named Plaintiff and the Employees Entitled to Notice have been damaged by Defendant's willful refusal to pay at least the federal minimum wage for all hours worked. As a

result of Defendant's FLSA violations, Named Plaintiff and the Employees Entitled to Notice are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

## FED. CIV. RULE 23 CLASS ACTION ALLEGATIONS

58.     Named Plaintiff brings his Ohio Wage Act and OPPA claims pursuant to the Federal Rule of Civil Procedure 23, on behalf of himself and a class of persons consisting of:

> **All Commissioned Loan Officers who have been employed by T2 Financial, LLC *dba* Revolution Mortgage within the state of Ohio at any time within the period of three (3) years preceding the filing of Plaintiff's complaint through the date of judgment who were not paid at least the Ohio minimum wage for all hours they worked ("Ohio Acts Rule 23 Class").**

59.     Named Plaintiff reserves the right to amend and refine the definition of the Ohio Acts Rule 23 Class they seek to represent based upon further investigation and discovery.

60.     The number and identity of the Ohio Acts Rule 23 Class are ascertainable from Defendant's records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the Federal Rule of Civil Procedure 23.

61.     The Ohio Acts Rule 23 Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

62.     According to information and belief, there are more than 50 Ohio Acts Rule 23 Class members.

63.     Named Plaintiff's claims are typical of those claims which could be alleged by any Ohio Acts Rule 23 Class member, and the relief sought is typical of the relief which would be sought by each Ohio Acts Rule 23 Class member in separate actions.

64.     Named Plaintiff and the Ohio Acts Rule 23 Class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay at least the Ohio minimum wage for all hours worked.

65. Named Plaintiff and the Ohio Acts Rule 23 Class members have all sustained similar types of damages as a result of Defendant's failure to comply with Section 34a, the Ohio Wage Act and the OPPA.

66. Named Plaintiff and the Ohio Acts Rule 23 Class members have all been injured in that they have been uncompensated due to Defendant's common policy, practice, and willful conduct. Defendant's corporate wide policies, practices and willful conduct affected the Ohio Acts Rule 23 Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Ohio Acts Rule 23 Class members.

67. Named Plaintiff and the Ohio Acts Rule 23 Class members sustained similar losses, injuries, and damages arising from the same unlawful practices, policies, and willful conduct.

68. Named Plaintiff is able to protect the interests of the Ohio Acts Rule 23 Class members and have no interests antagonistic to the Ohio Acts Rule 23 Class fairly and adequately.

69. Named Plaintiff and the Ohio Acts Rule 23 Class members are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

70. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly within the context of wage and hour litigation on behalf of non-exempt workers where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.

71. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

72. Common questions of law and fact exist as to the Named Plaintiff and the Ohio Acts Rule 23 Class that predominate over any questions only affecting Named Plaintiffs and the Ohio Acts Rule 23 Class members individually and include, but are not limited to:

    a. Whether Defendant improperly failed to pay the Named Plaintiff and the Ohio Acts Rule 23 Class members at least the Ohio minimum wage for all hours worked;

b. Whether the wages owed to the Named Plaintiff and the Ohio Acts Rule 23 Class members remain unpaid for more than thirty (30) days;

c. Whether Defendant's companywide decision to not pay the Named Plaintiff and the Ohio Acts Rule 23 Class members at least the Ohio minimum wage for all hours they worked was willful and without a good faith basis;

d. The nature and extent of class-wide injury and the measure of damages for those injuries.

73. Named Plaintiff and the Ohio Acts Rule 23 Class members have been damaged by Defendant's willful refusal to pay at least the Ohio minimum wage for all hours worked and to make that payment within thirty (30) days of the works' performance.

74. As a result of Defendant's Section 34a, Ohio Wage Act and OPPA violations, Named Plaintiff and the Ohio Rule 23 Minimum Wage Class members are entitled to damages, including, but not limited to, unpaid wages, treble damages, liquidated damages, costs, and attorneys' fees.

## COUNT I
## VIOLATION OF THE OVERTIME REQUIREMENTS OF THE FLSA

75. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

76. Named Plaintiff asserts this claim on behalf of himself and the Employees Entitled to Notice who opt into this action by filing a consent form pursuant to 29 U.S.C. § 216(b).

77. At all times material to this Complaint, Defendant regularly employed Named Plaintiff and the Employees Entitled to Notice to work more than forty (40) hours in a workweek.

78. The Named Plaintiff and the Employees Entitled to Notice are employees entitled to the FLSA's protections.

79.     Defendant willfully did not pay Named Plaintiff and the Employees Entitled to Notice at least $684.00 per week on a salary basis.

80.     The Defendant paid Named Plaintiff and the Employees Entitled to Notice a guaranteed draw against commissions of $866.67 on the 15th and the 31st of each month; however, the draw was recoverable to be repaid from future commissions.

81.     Defendant willfully subjected the Named Plaintiff and the Employees Entitled to Notice to a companywide commission policy that did not pay them commissions that were "free and clear" in violation of the FLSA as they we subject to recapture.

82.     During all times material to this Complaint, Named Plaintiff and the Employees Entitled to Notice were not exempt from receiving overtime benefits under the FLSA because, *inter alia*, he was not an "executive," "administrative," or "professional" employee, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq.*

83.     The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours worked over forty (40) in a workweek.

84.     Named Plaintiff and the Employees Entitled to Notice employed by Defendant have worked over forty (40) hours in at least one workweek and were not paid at the appropriate one and one-half-times their regular rate.

85.     Defendant failed to include all income and non-discretionary bonuses Named Plaintiff and the Employees Entitled to Notice earned in a workweek in the calculation of their regular rate.

86.     Named Plaintiff and the Employees Entitled to Notice are entitled to recover all unpaid overtime wages, an equal amount in liquidated damages, and attorney's fees and expenses pursuant to 29 U.S.C. § 216(b).

87.     In violating the FLSA, Defendant has acted willfully and with reckless disregard for clearly applicable FLSA provisions.

## <u>COUNT II</u>
## VIOLATION OF THE OVERTIME REQURIEMENTS OF THE OHIO WAGE ACT

88.     Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

89.     Named Plaintiff asserts this Ohio Wage Act claim on behalf of himself and the Ohio Acts Rule 23 Class.

90.     The Ohio Wage Act provides that all covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111, *et seq.*; *see also* 29 U.S.C. § 206(b).

91.     Named Plaintiff and the Ohio Acts Rule 23 Class are/were covered employees of Defendant pursuant to the Ohio Wage Act and thus entitled to the Ohio Wage Act's protections.

92.     Defendant willfully did not pay Named Plaintiff and the Ohio Acts Rule 23 Class at least $684.00 per week on a salary basis.

93.     Defendant paid Named Plaintiff and Ohio Acts Rule 23 Class a guaranteed draw against commissions of $866.67 on the 15th and the 31st of each month; however, the draw was recoverable to be repaid from future commissions.

94.     Defendant willfully subjected the Named Plaintiff and the Ohio Acts Rule 23 Class to a companywide commission policy that did not pay them commissions that were "free and clear" in violation of the Ohio Wage Act as they we subject to recapture.

95.     During all times material to this Complaint, Named Plaintiff and the Ohio Acts Rule 23 Class were not exempt from receiving overtime benefits under the FLSA because, *inter alia*, he was not an "executive," "administrative," or "professional" employee, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq*.

96.     The Ohio Wage Act provides that employees shall receive overtime compensation at a rate "not less than one and one-half times" the employees' regular rate of pay for all hours worked over forty (40) in a workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

97.     Named Plaintiff and the Ohio Acts Rule 23 Class employed by Defendant have worked over forty (40) hours in at least one workweek and were not paid at the appropriate one and one-half-times their regular rate.

98.     Defendant failed to include all income and non-discretionary bonuses Named Plaintiff and the Ohio Acts Rule 23 Class earned in a workweek in the calculation of their regular rate.

99.     Named Plaintiff and the Ohio Acts Rule 23 Class are entitled to recover all unpaid overtime wages, and other compensation, liquidated damages, interest, and attorney's fees and expenses, and all other remedies available as compensation for Defendant's violations of the Ohio Wage Act.

100.    In violating the Ohio Wage Act, Defendant has acted willfully and with reckless disregard for clearly applicable Ohio Wage Act provisions.

## <u>COUNT III</u>
## VIOLATION OF THE OHIO PROMPT PAY ACT

101.    Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

102.    Named Plaintiff asserts this claim on behalf of himself and the Ohio Acts Rule 23 Class.

103.     At all times relevant to this Complaint, Defendant was Named Plaintiff's and the Ohio Acts Rule 23 Class's employer and was required to comply with the Ohio Prompt Pay Act's provisions. *See* O.R.C. § 4113.15.

104.     The OPPA provides that employers shall pay covered employees all wages, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* O.R.C. § 4113.15(A).

105.     At all times material to this Complaint, Defendant has refused to pay Named Plaintiff and the Ohio Acts Rule 23 Class all owed overtime wages at one-and-a-half times their normal hourly rate, within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

106.     Named Plaintiff's and the Ohio Acts Rule 23 Class's wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

107.     Defendant's violations of the OPPA have been a willful, intentional, or bad faith nature or Defendant has otherwise exhibited a reckless disregard of the OPPA's provisions.

## COUNT IV
### CIVIL PENALITES FOR CRIMINAL ACTS
### O.R.C. § 2307.60

108.     Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

109.     Named Plaintiff asserts this claim on behalf of himself and Named Plaintiff and the Ohio Acts Rule 23 Class.

110.     The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

111.     By its acts and omissions described herein, Defendant has willfully violated the FLSA and Named Plaintiff and the Ohio Acts Rule 23 Class were injured as a result.

112. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

113. As a result of Defendant's willful violations of the FLSA, Named Plaintiff and the Ohio Acts Rule 23 Class are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

**COUNT V**
**VIOLATION OF O.R.C. § 2307.60 AND 29 U.S.C. § 216(a)**

114. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

115. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

116. By its acts and omissions described herein, Defendant has willfully violated the FLSA, and Named Plaintiffs and the Employees Entitled to Notice who join this lawsuit have been injured as a result.

117. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

118. As a result of Defendant's willful violations of the FLSA, Named Plaintiff and the Employees Entitled to Notice that join this lawsuit are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

**COUNT VI**
**RETALIATION IN VIOLATION OF THE FLSA AS TO NAMED PLAINITFF**

119. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

120. Named Plaintiff was employed by Defendant within the meaning of 29 U.S.C. § 203(g).

121.    The Defendant unlawfully discriminated against Named Plaintiff after he inquired about Defendant's failure to pay him his commissions earned.

122.    As a result of Named Plaintiff engaging in the protected activity of inquiring about receiving compensation due to him, Defendant retaliated against Named Plaintiff by wrongfully terminating him from his employment on February 6, 2023.

123.    Defendant knowingly, willfully, or with reckless disregard violated the FLSA by engaging in the retaliatory discharge of Named Plaintiff and he suffered damages as a result.

## COUNT VII
## BREACH OF CONTRACT

124.    Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

125.    Defendant represented to Named Plaintiff and contracted to pay Named Plaintiff as a 100% Commissioned employee pursuant to the Employment Agreement attached as **Exhibit B.**

126.    If Defendant maintains that Named Plaintiff was not an employee subject to the FLSA and/or the Ohio Wage Act, then Named Plaintiff performed under the Employment Agreement and is entitled to the $45,000.00 in unpaid commissions.

127.    If Defendant maintains that Named Plaintiff was not an employee subject to the FLSA and/or the Ohio Wage Act, then it is in breach of the Employment Agreement by failing to pay Named Plaintiff  the $45,000.00 in commissions he is due.

128.    If Defendant maintains that Named Plaintiff was not an employee subject to the FLSA and/or the Ohio Wage Act, then Named Plaintiff has suffered and continues to suffer damages as a result of Defendant's breach of the Employment Agreement.

## COUNT VII
## UNJUST ENRICHMENT

129.    Defendant represented to Named Plaintiff and contracted to pay Named Plaintiff as a 100% Commissioned employee pursuant to the Employment Agreement attached as **Exhibit B.**

130.    If Defendant maintains that Named Plaintiff was not an employee subject to the FLSA and/or the Ohio Wage Act, then Named Plaintiff conferred a benefit upon Defendant when he performed under the Employment Agreement.

131.    If Defendant maintains that Named Plaintiff was not an employee subject to the FLSA and/or the Ohio Wage Act, then Defendant had knowledge of the work performed by Named Plaintiff and the benefits conferred upon them.

132.    If Defendant maintains that Named Plaintiff was not an employee subject to the FLSA and/or the Ohio Wage Act, then Defendant retained the benefits conferred upon them by Named Plaintiff not receiving all of the commissions her was entitled to receive under the Employment Agreement.

**133.**    Thus, if Defendant maintains that Named Plaintiff was not an employee subject to the FLSA and/or the Ohio Wage Act, then Defendant should be required to reimburse Named Plaintiff and any individual Employee Entitled to Notice that joins this lawsuit in the amount of this unpaid overtime and/or commissions earned.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Named Plaintiff, on behalf of himself, the Employees Entitled to Notice, and the Ohio Acts Rule 23 Class, pray that this Court enter the following relief:

A.    For an Order sending Court Supervised Notice to the Employees Entitled to Notice as defined herein and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

B.    For an Order certifying the Ohio Acts Rule 23 Class, under Fed. R. Civ. P. 23, as defined herein and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative class action members;

C.    In the event the Defendants seek to have discovery on the issues of whether the Employees Entitled to Notice are similarly situated to the Named Plaintiffs, that the Court issue

an order tolling the FLSA statute of limitations for the Employees Entitled to Notice as of the filing of this Complaint through the end of the notice discovery period;

D.      Issuing proper notice to the Employees Entitled to Notice at Defendant's expense;

E.      Unpaid federal minimum wages, overtime wages, and an equal amount as liquidated damages pursuant to the FLSA and the supporting regulations for the Named Plaintiff and the Employees Entitled to Notice that join the lawsuit;

F.      An Order certifying an Ohio Acts Rule 23 Minimum Wage Class pursuant to Federal Rule of Civil Procedure 23;

G.      Designation of the Named Plaintiff as representative of the Ohio Acts Rule 23 Class and counsel of record as Class Counsel;

H.      A declaratory judgment that the practice complained of herein is unlawful under Section 34a, the Ohio Wage Act and the OPPA;

I.      Awarding Named Plaintiff and the Ohio Acts Rule 23 Class members the sum of 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the OPPA.

J.      Pursuant to O.R.C. § 4111.14(J), an Order awarding an amount set by the Court sufficient to compensate Named Plaintiff and the Ohio Rule 23 Minimum Wage Class members and deter future violations by the Defendant of the Ohio Wage Act, but not less than one hundred fifty dollars for each day that the violation continued;

K.      A finding that the Defendant acted willfully and without a good faith basis for its violations of the FLSA, the Ohio Wage Act and the OPPA;

L.      Compensatory and punitive damages under O.R.C. § 2307.60;

M.      Awarding pre-judgment and post-judgment interest;

N.      An award of prejudgment and post-judgment interest;

O.      An award of costs and expenses of this action, together with reasonable attorney'

fess and expert fees; and,

P.      Any other relief to which the Named Plaintiffs, the Employees Entitled to Notice

who join this lawsuit, and the Ohio Acts Rule 23 Class members may be entitled.

WHEREFORE, Named Plaintiff prays that this Court enter the following relief as to his

individual FLSA retaliation claim:

A.      A declaratory judgment that the practice complained of herein is unlawful under

the FLSA;

B.      In addition to the unpaid wage's relief sought above, an award of front pay, future

lost wages;

C.      An award of additional liquidated damages in the amount of the total lost wages;

D.      An award of compensatory damages for the emotional pain, suffering and

inconvenience caused by the wrongful termination; and,

E.      An award of costs and expenses of this action, together with reasonable attorney'

fess and expert fees; and,

F.      Any other relief to which the Named Plaintiffs, the Employees Entitled to Notice

who join this lawsuit, and the Ohio Acts Rule 23 Class members may be entitled.

WHEREFORE, if Defendant maintains that Named Plaintiff was not an employee subject

to the FLSA and/or the Ohio Wage Act, then Named Plaintiff prays that this Court enter the

following relief as to his  individual Breech of Contract and Unjust Enrichment claims:

A.  Injunctive relief against Defendant;

B.  Money damages in the amount of the commissions not paid;

C.  Pre-judgment interest;

D.  Punitive damages and,

E.  Any other relief, whether in law or equity, deemed appropriate by this Court.

Dated: August 29, 2023                   Respectfully submitted,

*/s/ Robert E. DeRose*
Robert E. DeRose (OH Bar No. 0055214)
**BARKAN MEIZLISH DEROSE COX, LLP**
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
Facsimile: (614) 744-2300
bderose@barkanmeizlish.com

*Attorney for Plaintiffs.*

## **JURY DEMAND**

Plaintiffs request a trial by jury on all of their claims.

*/s/ Robert E. DeRose*
Robert E. DeRose