**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

|  |  |
|---|---|
| KEVIN M. LAUER, *et al.*, | : CIVIL ACTION |
|  | : |
|  | : NO: 2:23-cv-2796 |
| Plaintiffs, | : |
| v. | : Magistrate Judge Chelsey M. Vascura |
|  | : |
| T2 FINANCIAL, LLC, *dba* | : ORDER APPROVING COLLECTIVE |
| REVOLUTION MORTGAGE | : ACTION SETTLEMENT |
|  | : |
| Defendant. | : |
|  | : |
|  | : |

Named Plaintiffs Kevin M. Lauer, Jeannine Roediger and Denise L. Bedard ("Plaintiffs") and Defendant T2 LLC, *dba* Revolution Mortgage ("Defendant") (Plaintiffs and Defendant are collectively referred to as the "Parties") have moved the Court to approve settlement of claims brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), to approve the requested FLSA collective action settlement (as defined and outlined in the Collective Action Settlement Agreement and Release (the "Agreement"), a copy of which was attached as Exhibit A to the Parties' Joint Motion for Approval of FLSA Collective Action Settlement, and to approve Plaintiffs' Counsel's requested fees and expenses (as defined and outlined in the Agreement). ("Motion," ECF No. 39.)

Having reviewed the Agreement, as well as the Parties' Joint Motion for FLSA Settlement Approval, the Declaration of Robert E. DeRose appended thereto, and the pleadings and papers on file in this case (the "Action"), and for good cause established therein, the Motion (ECF No. 39) is **GRANTED**. The Court hereby approves settlement of the FLSA claims for the following reasons.

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same factors to an FLSA settlement).

Courts look to several factors when undertaking this inquiry, including (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Ousley*, 2023 WL 3470522, at *3; *Headspeth v. TPUSA, Inc.*, No. 2:19-CV-2062, 2022 WL 4094448, at *1 (S.D. Ohio Sept. 7, 2022) (Morrison, J.) (citing *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011)). *See* 29 U.S.C. § 216(b), (c). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Ganci v. MBF Inspection Servs., Inc.*, No. 2:15-CV-2959, 2019 WL 4233128, at *2 (S.D. Ohio Sept. 6, 2019) (Vascura, M.J.). (quoting *Gentrup*, 2011 WL 2532922, at *8).

Here, there is a bona fide dispute as to liability and potential damages. The parties dispute whether Plaintiffs have any further entitlement to unpaid overtime wages, and Defendant denies

all liability. There is no indication that the settlement was reached by anything other than arms' length negotiations between counsel, who have extensive experience litigating FLSA and various state wage and hour claims. Indeed, settlement was reached after a mediation with a court-appointed mediator. The settlement will avoid expensive litigation for both sides, including formal discovery, dispositive motions, trial, and possible appeals, and the public interest generally favors settlement of class claims. *See Hainey v. Parrott*, 617 F. Supp. 2d 668, 679 (S.D. Ohio 2007).

The Agreement provides for a total settlement amount of $145,000, inclusive of attorney's fees, and tax withholding; however, an unspecified portion between $0 and $40,000 of this amount represents settlement of Plaintiff Lauer's non-FLSA claims for unpaid sales commissions. Although the parties do not provide information as to the alleged damages or the percentage of those alleged damages that this recovery represents, the undersigned is satisfied by the bona fide dispute and the arm's length mediation that the resulting settlement is fair and reasonable. Moreover, the attorney's fees in the amount of $37,750 (representing somewhere between 26% and 36% of the FLSA settlement amount) are reasonable. *See Adams v. Frontier R.R. Servs., LLC*, No. 2:19-CV-808, 2020 WL 9936704, at *2 (S.D. Ohio June 15, 2020) (finding attorneys' fees in the amount of one-third of the total settlement amount are reasonable); *Campbell v. Wise Med. Staffing, Inc.*, No. 2:18-CV-00493, 2020 WL 9259704, at *2 (S.D. Ohio Feb. 21, 2020) (same); *Bailey v. Black Tie Mgmt. Co, LLC*, No. 2:19-cv-1677, 2020 WL 4673163, at *5 (S.D. Ohio Aug. 12, 2020) (same); *Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 WL 4574509, at *7–8 (S.D. Ohio Sept. 20, 2019) ("33% is typical for attorney's fees in common fund, FLSA collective actions in this District.").

It is therefore **ORDERED** as follows:

1.      Unless otherwise defined, all terms used in this Order have the same meaning as defined in the Agreement.

2.      The Court approves as fair, reasonable, and adequate settlement of the claims made pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) as outlined in the Agreement. For purposes of this Approval Order, the Court further incorporates by reference the terms and definitions as set forth in the Agreement.

3.      The Court finds that Plaintiff's Counsel's attorneys' fees and expenses are reasonable, and therefore approves the payment of Plaintiff's Counsel's attorneys' fees and expenses as provided in the Agreement.

4.      The Court orders that payments of Plaintiffs' damages, Plaintiffs' Counsel's attorneys' fees and costs, be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

5.      The Court dismisses, with prejudice, the claims of the Named Plaintiffs, individually and on behalf of the single Opt-in Plaintiff, as provided in the Agreement.

6.      The Court finds there is no just reason for delay and **DIRECTS** the Clerk of the Court to enter this Order Granting Approval of FLSA Settlement immediately.

7.      The Clerk is further **DIRECTED** to terminate as moot the parties' remaining pending motions at ECF Nos. 12, 13, 19, and 24.

8.      The Court retains jurisdiction over the Action to enforce the terms of the Agreement.


**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE